UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREMIER PRODUCE COMPANY, INC., a California corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOSUE ERVEY RODRIGUEZ MARTINEZ, an individual, and IRMA P. HERNANDEZ, an individual, both doing business as Ervey Produce, Inc., a California corporation,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 23-cv-362 DMS (DEB)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR PRELIMINARY INJUNCTION** |

　　　This case came on for hearing on March 24, 2023, on Plaintiff's motion for a preliminary injunction. (ECF No. 13.) The motion was set for hearing at 1:30 p.m., and Plaintiff's counsel was granted permission to appear by telephone. The Court dialed in to the conference line at 1:31 p.m., and remained on the line for approximately fifteen

/ / /

/ / /

/ / /

/ / /

/ / /

1

minutes. No appearances were made during that time despite two separate phone calls to Plaintiff's counsel. The Court then adjourned the hearing.[1]

Plaintiff's motion for a preliminary injunction was originally heard on March 9, 2023. After that hearing, the Court issued an order continuing the hearing to March 24, 2023, and ordering Plaintiff to file a supplemental brief addressing the following: (1) whether service on Defendants has been effected, (2) if service was not effected, what further efforts have been made to effect service, and (3) whether a federal court may waive the service requirement for granting a preliminary injunction based on good faith efforts. Plaintiff was also ordered to submit a proposed order setting forth the relief requested from the Court.

On March 22, 2023, Plaintiff's counsel filed a pleading, declaration, and evidence concerning his efforts to effect service.[2] Those documents reflect that on the morning of March 9, 2023, before the previous hearing on Plaintiff's motion for a preliminary injunction, Plaintiff's counsel obtained Defendant Josue Ervey's phone number from Yasser Jaber, a "long time and trusted confident … who is friends with Defendant Ervey," and that counsel called Defendant Ervey at that number, with no answer. (*See* Decl. of Mitch Wallis in Supp. of Application for Preliminary Injunction, Attachments.)[3] Counsel then asked Mr. Jaber to call Defendant Ervey, and Mr. Jaber apparently spoke to Defendant Ervey on the phone. (*Id.*) Mr. Jaber did not file a declaration, so the information provided by Plaintiff's counsel about what Mr. Jaber told Defendant Ervey is hearsay. Nevertheless,

---

[1] At 4:40 p.m. on the date of the hearing, Plaintiff's counsel sent an email to the Court stating he was on the conference line from 1:20 p.m. until 1:35 p.m. and nobody else came on the line.

[2] Notably, Plaintiff did not discuss whether the Court could waive the service requirement based on good faith efforts, nor did it submit a proposed order on its request for preliminary injunctive relief.

[3] The Court notes the March 9 hearing was set on February 27, 2023. Nevertheless, Plaintiff failed to provide any evidence that it attempted to provide notice to Defendants before March 9, 2023.

according to counsel, Mr. Jaber "informed Defendant Ervey of this matter and of the application for TRO and of the TRO hearing[.]" (*Id.*) It is unclear, however, whether Mr. Jaber conveyed that information to Defendant Ervey. (*Id.* (reflecting counsel's request that Mr. Jaber convey that information, not that the information was actually conveyed)). The emails attached to counsel's declaration reflect that counsel tried again to reach Defendant Ervey by phone shortly before the March 9, 2023 hearing, but Defendant Ervey did not answer. (*Id.*) It appears counsel did not make any further attempts to give notice to Defendant Ervey until 8:12 p.m. on March 22, 2023, less than two full days before the March 24, 2023 hearing. At that time, Mr. Jaber sent counsel an email setting out a text message he had delivered to Defendant Ervey purportedly giving him notice of the March 24, 2023 hearing. (*Id.*)

Federal Rule of Civil Procedure 65(a)(1) states: "The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). "The purpose of the notice requirement is to give defendants a fair opportunity [to] prepare an opposition to the application." *Nardone v. Arguelles*, Case No. CV 15-05244-MWF (AGRx), 2015 WL 11438101, at *1 (C.D. Cal. Oct. 5, 2015) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 433 n.7 (1974)). "When the moving party fails to show that they have provided adequate notice to their adversary, courts will generally deny the request for a preliminary injunction." *Kincaid v. Wells Fargo Bank N.A.*, No. CV-10-579-PHX-DGC, 2010 WL 2983030, at *1 (D. Ariz. July 27, 2010).

Here, Plaintiff has not shown that it provided Defendants with sufficient notice of its request for a preliminary injunction. As to Defendant Ervey, the only possible notice he received was a text message from Mr. Jaber notifying him of the March 24 hearing. Defendant Ervey was not provided notice of the purpose of the hearing, nor was he provided with a copy of Plaintiff's moving papers. Even if that information had been provided, Mr. Jaber's text message, sent less than 48 hours before the hearing, did not give Defendant Ervey a "fair opportunity" to prepare an opposition to Plaintiff's request.

1  Furthermore, Defendant Ervey is not the only Defendant in this case.  Irma P. Hernandez
2  is also named as a Defendant, and there is no evidence before the Court that Plaintiff made
3  any attempts to provide her with notice.
4         On this record, Plaintiff has not satisfied the notice requirement of Federal Rule of
5  Civil Procedure 65(a)(1).  Accordingly, its request for a preliminary injunction is denied.
6  Dated:  March 29, 2023

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court